**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

PREMIUM POINT INVESTMENTS LP,
ANILESHA AHUJA a/k/a NEIL AHUJA, AMIN
MAJIDI, JEREMY SHOR, ASHISH DOLE, and
FRANK DINUCCI, JR.,

Defendants.

18 Civ. 4145 (JPC)

---

**[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT ASHISH DOLE**

The Securities and Exchange Commission (the "Commission") having filed an Amended

Complaint and Defendant Ashish Dole ("Defendant") having entered a general appearance;

consented to the Court's jurisdiction over Defendant and the subject matter of this action;

consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and

waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rules 10b-5(a)

and (c) promulgated thereunder [17 C.F.R. §§ 240.10b-5(a) and (c)], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities

exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud; or

(b)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 17(a)(1) and (3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77q(a)(1) and (3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud; or

(b)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 206(1) and (2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)] from, while

acting as investment advisers, by the use of any means or instruments of interstate commerce, directly or indirectly:

(a)     employing any device, scheme, or artifices to defraud any client or prospective client; and

(b)     to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Advisers Act Section 206(4) [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8(a)(2) [17 C.F.R. § 275.206(4)-8(a)(2)] promulgated thereunder by, while acting as an investment adviser to a pooled investment vehicle, engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that based on Defendant's cooperation in a Commission investigation and related enforcement action, the Court is not ordering Defendant to pay a civil penalty.  If at any time following the entry of the Final Judgment the Commission obtains information indicating that Defendant knowingly provided materially false or misleading information or materials to the Commission or in a related proceeding, the Commission may, at its sole discretion and without prior notice to the Defendant, petition the Court for an order requiring Defendant to pay a civil penalty.  In connection with any such petition and at any hearing held on such a motion:  (a)  Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Judgment, this Consent, or any related Undertakings; (c) the allegations of the Complaint, solely for the purposes of such motion, shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  Under these circumstances, the parties may take discovery, including discovery from appropriate non-parties.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §

523, the allegations in the Amended Complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:_____April 11_____, 2023

_____
HON. JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

PREMIUM POINT INVESTMENTS LP,
ANILESHA AHUJA a/k/a NEIL AHUJA, AMIN
MAJIDI, JEREMY SHOR, ASHISH DOLE, and
FRANK DINUCCI, JR.,

Defendants.

18 Civ. 4145 (JPC)

## CONSENT OF DEFENDANT ASHISH DOLE

1.      Defendant Ashish Dole ("Defendant") acknowledges having been served with the Amended Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Defendant pleaded guilty to criminal conduct relating to certain matters alleged in the Amended Complaint in this action.  Specifically, in *United States v. Dole*, 17 Cr. 698 (KPF) (S.D.N.Y.), Defendant pleaded guilty to one violation of conspiracy to commit securities fraud and wire fraud [18 U.S.C. § 371] and one violation of securities fraud [15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. § 240.10b-5].[1]  In connection with that plea, Defendant admitted the facts set out in the transcript of his plea allocution that is attached as Exhibit A to this Consent.

3.      Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, permanently restrains and enjoins Defendant from violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rules 10b-5(a) and (c)

---

[1] On November 22, 2022, upon motion by the U.S. Attorney's Office for the Southern District of New York, the court dismissed one of these counts—that is, the violation of conspiracy to commit securities fraud and wire fraud [18 U.S.C. § 371].

thereunder [17 C.F.R. §§ 240.10b-5(a) and (c)], Sections 17(a)(1) and 17(a)(3) of the Securities

Act of 1933 ("Securities Act") [15 U.S.C. §§ 77q(a)(1) and (3)]; and Sections 206(1), (2), and (4)

of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), 80b-6(2), and

80b-6(4)] and Rule 206(4)-8(a)(2) thereunder [17 C.F.R. § 275.206(4)-8(a)(2)].

4.      Defendant acknowledges that the Court is not imposing a civil penalty based on

Defendant's cooperation in a Commission investigation and related enforcement action.  Defendant

consents that if at any time following the entry of the Final Judgment the Commission obtains

information indicating that Defendant knowingly provided materially false or misleading

information or materials to the Commission or in a related proceeding, the Commission may, at its

sole discretion and without prior notice to the Defendant, petition the Court for an order requiring

Defendant to pay a civil penalty.  In connection with the Commission's motion for civil penalties,

and at any hearing held on such a motion:  (a)  Defendant will be precluded from arguing that he

did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not

challenge the validity of the Judgment, this Consent, or any related Undertakings; (c) the

allegations of the Complaint, solely for the purposes of such motion, shall be accepted as and

deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the

basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and

documentary evidence without regard to the standards for summary judgment contained in Rule

56(c) of the Federal Rules of Civil Procedure.  Under these circumstances, the parties may take

discovery, including discovery from appropriate non-parties.

5.      Defendant waives the entry of findings of fact and conclusions of law pursuant to

Rule 52 of the Federal Rules of Civil Procedure.

6.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the

Final Judgment.

7.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11.      Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory

3

disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the Amended Complaint in this action.

12.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings."  As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the guilty plea for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Amended Complaint or creating the impression that the Amended Complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the Amended Complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Amended Complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the Amended Complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under

4

such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).  If

Defendant breaches this agreement, the Commission may petition the Court to vacate the Final

Judgment and restore this action to its active docket.  Nothing in this paragraph affects

Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or

other legal proceedings in which the Commission is not a party.

13.     Defendant hereby waives any rights under the Equal Access to Justice Act, the

Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

seek from the United States, or any agency, or any official of the United States acting in his or her

official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or

costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees

that Defendant is not the prevailing party in this action since the parties have reached a good faith

settlement.

14.     Defendant agrees to waive all objections, including but not limited to,

constitutional, timeliness, and procedural objections, to the administrative proceeding that will be

instituted when the Final Judgment is entered.

15.     Defendant agrees that the Commission may present the Final Judgment to the Court

for signature and entry without further notice.

16.     Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.

Dated: _03/03/2023_                    _____

                                        Ashish Dole

    On _March 3_ , 2023, _Ashish S. Dole_ a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

                                        _____
                                        Notary Public
                                        Commission expires:

SYLVIA E. LOPEZ
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01LO6059894
Qualified in Westchester County
Commission Expires June 11, 20_23_

Approved as to form:

_____

Attorney for Defendant

6

# Exhibit A

Hbd1doe

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4              v.                        17 Cr.        (JGK)

 5   JOHN DOE,

 6                 Defendant.             Plea

 7   ------------------------------x

 8                                        New York, N.Y.
                                          November 13, 2017
 9                                        2:55 p.m.

10
     Before:
11
                        HON. JOHN G. KOELTL,
12
                                          District Judge
13

14                          APPEARANCES

15   JOON H. KIM
          Acting United States Attorney for the
16        Southern District of New York
     BY:  JASON H. COWLEY
17        TELEMACHUS P. KASULIS
          Assistant United States Attorney
18
     GREENBERG TRAURIG, P.A.
19        Attorneys for Defendant
     BY:  GREGORY W. KEHOE, ESQ.
20

21   ALSO PRESENT:  MATTHEW MAHAFFEY, FBI Special Agent

22

23

24

25
```

Hbd1doe

| 1 | (Case called) |

THE DEPUTY CLERK:  Will all parties please state who they are for the record.

MR. COWLEY:  Good afternoon, your Honor.  Jason Cowley for the United States.  With me at counsel table is my colleague Tim Kasulis and Special Agent Matt Mahaffey of the FBI.

MR. KEHOE:  Good afternoon, your Honor.  Gregory Kehoe on behalf of Ashish Dole.

THE COURT:  Good afternoon.

MR. KEHOE:  Good afternoon.

THE COURT:  I should point out at the outset that the assistant who is on the appearance sheet, Mr. Naftalis, is someone whom I know personally and professionally, but there's nothing about that that affects anything that I do in the case.  I just bring it to your attention.

All right.  I understand that the defendant has an application?

MR. KEHOE:  Yes, your Honor.  The defendant has an application that we've agreed to plead guilty to the information that is now before the Court.  I believe that we have executed the waiver of indictment form that the government has in its possession.

THE COURT:  Yes.  Is this the defendant's first appearance?

Hbd1doe

1          MR. KEHOE:  Yes, your Honor.

2          THE COURT:  Okay.  So the defendant wishes to waive

3    indictment and plead guilty to the information pursuant to a

4    plea agreement, right?

5          MR. KEHOE:  Yes, your Honor.

6          THE COURT:  I have a November 2, 2017 letter to

7    yourself, Mr. Kehoe, appears to be signed by Mr. Naftalis,

8    Ms. Zornberg on behalf of the government, and signed by

9    Mr. Dole and yourself on November 10, 2017.

10          MR. KEHOE:  Yes, your Honor.

11          THE COURT:  That's the plea agreement?

12          MR. KEHOE:  Yes, your Honor.

13          THE COURT:  Okay.  I've marked that as Court

14    Exhibit 1.

15          Let me begin by advising the defendant of his rights,

16    because this is the defendant's first appearance.

17          Mr. Dole, you have the right to remain silent.  You

18    need not make any statement.  Even if you have already made

19    statements to the authorities, you need not make any additional

20    statements.  Any statements that you do make can be used

21    against you.  Do you understand that?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  You have the right to be represented by a

24    lawyer today and at all future proceedings in this case.  And

25    if you are unable to afford an attorney, I will appoint an

Hbd1doe

| | |
|---|---|
| 1 | attorney to represent you.  Do you understand that? |
| 2 | THE DEFENDANT:  Yes, your Honor. |
| 3 | THE COURT:  You're being represented by Mr. Kehoe and |
| 4 | Mr. Kehoe is retained, is that correct? |
| 5 | THE DEFENDANT:  Yes, your Honor. |
| 6 | THE COURT:  Okay.  If at any point you do not have the |
| 7 | resources to continue to be represented by a lawyer whom you |
| 8 | pay, I will appoint a lawyer to represent you free of cost.  Do |
| 9 | you understand that? |
| 10 | THE DEFENDANT:  Yes, your Honor. |
| 11 | THE COURT:  All right.  Mr. Fletcher, please |
| 12 | administer the oath to the defendant. |
| 13 | (Defendant sworn) |
| 14 | THE DEPUTY CLERK:  Please state your full name for the |
| 15 | record. |
| 16 | THE DEFENDANT:  Ashish S. Dole. |
| 17 | THE DEPUTY CLERK:  Thank you.  Please remain standing. |
| 18 | THE COURT:  Do you pronounce your last name "Doe-lay"? |
| 19 | THE DEFENDANT:  Yes. |
| 20 | THE COURT:  All right.  Mr. Dole, do you understand |
| 21 | that you are now under oath and that if you answer any of my |
| 22 | questions falsely, your false or untrue answers may later be |
| 23 | used against you in another prosecution for perjury or making a |
| 24 | false statement? |
| 25 | THE DEFENDANT:  Yes, your Honor. |

Hbd1doe

1          THE COURT:  All right.  I'll incorporate the

2    allocution on the guilty plea together with the arraignment and

3    waiver of indictment, if that's satisfactory with everyone.

4          MR. COWLEY:  That's fine, your Honor.

5          MR. KEHOE:  That's fine.

6          THE COURT:  Okay.  Mr. Dole, let me just repeat, do

7    you understand that you are now under oath and that if you

8    answer any of my questions falsely, your false or untrue

9    answers may later be used against you in another prosecution

10   for perjury or making a false statement?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  Tell me your full name, please.

13          THE DEFENDANT:  Ashish S. Dole.

14          THE COURT:  How old are you?

15          THE DEFENDANT:  Thirty-four years old.

16          THE COURT:  How far did you go in school?

17          THE DEFENDANT:  I got a master's from Cornell

18   University.

19          THE COURT:  Are you a citizen of the United States?

20          THE DEFENDANT:  Yes, I am.

21          THE COURT:  Are you able to speak and understand

22   English?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Are you now or have you recently been

25   under the care of a doctor or a psychiatrist?

Hbd1doe

| 1 | THE DEFENDANT:  No.

| 2 | THE COURT:  Have you ever been treated or hospitalized

| 3 | for any mental illness or any type of addiction, including drug

| 4 | or alcohol addiction?

| 5 | THE DEFENDANT:  No.

| 6 | THE COURT:  In the past 24 hours have you taken any

| 7 | drugs, medicine, or pills or have you drunk any alcohol?

| 8 | THE DEFENDANT:  No.

| 9 | THE COURT:  I'm sorry?

| 10 | THE DEFENDANT:  No, I have not.

| 11 | THE COURT:  Is your mind clear today?

| 12 | THE DEFENDANT:  Yes, it is.

| 13 | THE COURT:  Are you feeling all right today?

| 14 | THE DEFENDANT:  Yes, I am.

| 15 | THE COURT:  Do either counsel have any doubt as to the

| 16 | defendant's competence to waive indictment, agree to proceed by

| 17 | information, and enter an informed plea of guilty to the

| 18 | information?

| 19 | MR. COWLEY:  Not the government, your Honor.

| 20 | MR. KEHOE:  No, your Honor.

| 21 | THE COURT:  Mr. Dole, your lawyer has informed me that

| 22 | what you wish to do is to waive indictment, agree to proceed by

| 23 | information, and enter a plea of guilty to the information.  Is

| 24 | that what you wish to do?

| 25 | THE DEFENDANT:  Yes, your Honor.

Hbd1doe

| | |
|---|---|
| 1 | THE COURT:  Have you had a full opportunity to discuss |
| 2 | your case with your lawyer and to discuss the consequences of |
| 3 | waiving indictment, agreeing to proceed by information, and |
| 4 | entering a plea of guilty to the information? |
| 5 | THE DEFENDANT:  Yes, your Honor. |
| 6 | THE COURT:  Are you satisfied with Mr. Kehoe and his |
| 7 | representation of you? |
| 8 | THE DEFENDANT:  Yes, your Honor. |
| 9 | THE COURT:  On the basis of Mr. Dole's responses to my |
| 10 | questions and my observations of his demeanor, I find that he |
| 11 | is fully competent to enter an informed plea at this time. |
| 12 | Now, Mr. Dole, before I accept any plea from you, I'm |
| 13 | going to be asking you certain questions.  My questions are |
| 14 | intended to satisfy me that you wish to plead guilty because |
| 15 | you are in fact guilty and that you fully understand the |
| 16 | consequences of your plea, and, furthermore, that you are |
| 17 | pleading guilty knowingly and voluntarily and that there is an |
| 18 | independent basis in fact for your plea.  Do you understand |
| 19 | that? |
| 20 | THE DEFENDANT:  Yes, your Honor. |
| 21 | THE COURT:  I'm now going to describe to you certain |
| 22 | rights that you have under the Constitution and laws of the |
| 23 | United States, which rights you will be giving up if you enter |
| 24 | a plea of guilty.  Please listen to me very carefully.  If |
| 25 | there is anything that I say that you don't understand, please |

Hbd1doe

1    ask me to stop, and either I or Mr. Kehoe will explain it to

2    you more fully.  All right?

3            THE DEFENDANT:  Yes.  Yes, your Honor.

4            THE COURT:  Now, Mr. Dole, under the Constitution and

5    laws of the United States, you have a right to a speedy and

6    public trial by a jury on the charges against you which are

7    contained in the information.  Do you understand that?

8            THE DEFENDANT:  Yes, I do.

9            THE COURT:  If there were a trial, you would be

10    presumed to be innocent and the government would be required to

11    prove you guilty by competent evidence and beyond a reasonable

12    doubt.  You would not have to prove that you were innocent at

13    trial.  Do you understand that?

14            THE DEFENDANT:  Yes, I do.

15            THE COURT:  If there were a trial, a jury composed of

16    12 people selected from this district would have to agree

17    unanimously that you were guilty.  Do you understand that?

18            THE DEFENDANT:  Yes, I do.

19            THE COURT:  If there were a trial, you would have the

20    right to be represented by a lawyer, and if you could not

21    afford a lawyer, a lawyer would be provided to you free of

22    cost.  Do you understand that?

23            THE DEFENDANT:  Yes, I do.

24            THE COURT:  In fact, Mr. Dole, as I told you a little

25    while ago, at the outset of these proceedings, you have a right

Hbd1doe

1   to be represented by a lawyer at trial and at every other stage

2   of the proceedings.  And if you cannot afford a lawyer, a

3   lawyer would be provided to you free of cost.  Do you

4   understand that?

5          THE DEFENDANT:  Yes, I do.

6          THE COURT:  If there were a trial, you would have the

7   right to see and hear all of the witnesses against you, and

8   your attorney could cross-examine them, you would have a right

9   to have your attorney object to the government's evidence and

10  offer evidence on your behalf if you so desired, and you would

11  have the right to have subpoenas issued or other compulsory

12  process used to compel witnesses to testify in your defense,

13  and you would not be required to testify.  Do you understand

14  all of that?

15         THE DEFENDANT:  Yes, I do.

16         THE COURT:  If there were a trial, you would have the

17  right to testify if you wanted to, but no one could force you

18  to testify if you didn't want to; and furthermore, no inference

19  or suggestion of guilt could be drawn if you chose not to

20  testify at trial.  Do you understand that?

21         THE DEFENDANT:  Yes, I do.

22         THE COURT:  Mr. Dole, do you understand each and every

23  one of the rights that I've described to you?

24         THE DEFENDANT:  Yes, I do.

25         THE COURT:  Do you have any questions about any of

Hbd1doe

```
 1    those rights?

 2              THE DEFENDANT:  No, I don't.

 3              THE COURT:  Do you understand that by entering a plea

 4    of guilty today, you're giving up each and every one of those

 5    rights, that you are waiving those rights, and that you will

 6    have no trial?

 7              THE DEFENDANT:  Yes, I do.

 8              THE COURT:  Do you understand that you can change your

 9    mind right now and refuse to enter a plea of guilty?  You don't

10    have to enter this plea if you don't want to for any reason at

11    all.  Do you understand that completely?

12              THE DEFENDANT:  Yes, I do.

13              THE COURT:  Now, Mr. Dole, I have a waiver of

14    indictment.  It reads, "The above-named defendant, who is

15    accused of violating 15 U.S.C. Sections 78j(b) and 78ff, 17

16    C.F.R. Section 240.10b-5, and 18 U.S.C. Sections 371 and 2,

17    being advised of the nature of the charges and of his rights,

18    hereby waives in open court prosecution by indictment and

19    consents that the proceeding may be by information instead of

20    by indictment."  This appears to be signed by you and your

21    lawyer and witnessed by Mr. Fletcher and dated today,

22    November 13, 2017.  Have you signed this waiver of indictment?

23              THE DEFENDANT:  Yes, I have.

24              THE COURT:  Before you signed it did you discuss it

25    with your lawyer?
```

Hbd1doe

1          THE DEFENDANT:  Yes, I did.

2          THE COURT:  Did he explain it to you?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Do you understand what you are doing?

5          THE DEFENDANT:  Yes, I do.

6          THE COURT:  Do you understand that you're under

7    absolutely no obligation to waive indictment and agree to

8    proceed by information?

9          THE DEFENDANT:  I -- I understand.

10         THE COURT:  You --

11         THE DEFENDANT:  I understand.

12         THE COURT:  Do you understand that if you did not

13   waive indictment and if the government wanted to prosecute you

14   on the charges that are contained in the information, the

15   government would have to present its case to a grand jury,

16   which may or may not indict you?

17         THE DEFENDANT:  I understand.

18         THE COURT:  Do you understand that by signing this

19   waiver of indictment, you have given up your right to have your

20   case presented to a grand jury?

21         THE DEFENDANT:  Yes, I do.

22         THE COURT:  Do you understand what a grand jury is?

23         THE DEFENDANT:  Yeah.  It's --

24         THE COURT:  Well, just so that you understand, a grand

25   jury consists of 23 people, of which at least 16 must be

Hbd1doe

present to conduct business, and at least 12 people must vote

for an indictment.  Otherwise, the grand jury could not return

an indictment against you.  Do you understand?

THE DEFENDANT:  Yes, I do.

THE COURT:  Okay.  Did anyone make any threats or

promises to you to get you to waive indictment and agree to

proceed by information?

THE DEFENDANT:  No.

THE COURT:  Did you sign this waiver of indictment

knowingly and voluntarily?

THE DEFENDANT:  Yes, I did.

THE COURT:  I find that the defendant's waiver of

indictment is knowing and voluntary.

Now, Mr. Dole, have you seen a copy of the information

against you?

THE DEFENDANT:  Yes, I have.

THE COURT:  Do you want me to read the information

aloud to you in open court or do you wish to give up or waive

the reading of the information?

THE DEFENDANT:  No, you don't need to read it.

THE COURT:  Okay.  So you waive the reading of the

information, is that correct?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  I'm going to go over the

information with you in any event to make sure that I'm

Hbd1doe

satisfied that you understand the charges against you and what
the government would be required to prove beyond a reasonable
doubt before you could be convicted of those charges, and,
finally, what the maximum penalties are for the charges to
which you are entering a plea of guilty.

So Count One of the information charges a conspiracy
to commit securities fraud and wire fraud.  And after various
background allegations, the information goes on to describe a
mismarking scheme and then makes certain allegations to satisfy
the elements of the crime that is charged against you.  More
specifically, the information charges that from at least in or
about 2014 through in or about 2016, in the Southern District
of New York and elsewhere, Ashish Dole, the defendant, and
others known and unknown wilfully and knowingly did combine,
conspire, confederate, and agree, together and with each other,
to commit offenses against the United States, to wit,
securities fraud, in violation of Title 15 United States Code
Sections 78j(b) and 78ff and Title 17 Code of Federal
Regulations Section 240.10b-5; and wire fraud, in violation of
Title 18 United States Code Section 1343.

It was a part and an object of the conspiracy that
Ashish Dole, the defendant, and others known and unknown,
wilfully and knowingly, directly and indirectly, by use of the
means and instrumentalities of interstate commerce, and of the
mails, and the facilities of national securities exchanges,

Hbd1doe

1    would and did use and employ, in connection with the purchase

2    and sale of securities, manipulative and deceptive devices and

3    contrivances, in violation of Title 17 Code of Federal

4    Regulations Section 240.10b-5, by: (a) employing devices,

5    schemes, and artifices to defraud; (b) making and causing to be

6    made untrue statements of material fact, and omitting to state

7    material facts necessary in order to make the statements made,

8    in light of the circumstances under which they were made, not

9    misleading; and (c) engaging in acts, practices, and courses of

10   business which operated and would operate as a fraud and deceit

11   upon persons, in violation of Title 15 United States Code

12   Sections 78j(b) and 78ff.

13          It was further a part and an object of the conspiracy

14   that Ashish Dole, the defendant, and others known and unknown,

15   wilfully and knowingly, having devised and intending to devise

16   a scheme and artifice to defraud, and for obtaining money and

17   property by means of false and fraudulent pretenses,

18   representations, and promises, would and did transmit and cause

19   to be transmitted by means of wire, radio, and television

20   communication, in interstate on foreign commerce, writings,

21   signs, signals, pictures, and sounds for the purpose of

22   executing such scheme and artifice, in violation of Title 18

23   United States Code Section 1343.

24          In furtherance of the conspiracy and to effect its

25   illegal object, Ashish Dole, the defendant, committed the

Hbd1doe

1   following overt act, among others, in the Southern District of

2   New York and elsewhere:

3            On or about March 6, 2015, in New York, New York, Dole

4   sent a text to a supervisor at the firm indicating that a

5   particular corrupt broker "can of course mark bonds anywhere,"

6   all this in violation of Title 18 United States Code

7   Section 371.

8            Do you understand that's what you are charged with or

9   a summary of what you're charged with in Count One of the

10  information?

11           THE DEFENDANT:  Yes.

12           THE COURT:  Do you understand that if you did not

13  plead guilty, the government would be required to prove each

14  and every part or element of the charge against you beyond a

15  reasonable doubt at trial?

16           THE DEFENDANT:  Yes, I do.

17           THE COURT:  Do you understand that at trial, the

18  government would be required to prove beyond a reasonable

19  doubt: first, that two or more persons entered into the

20  unlawful agreement charged in Count One of the indictment

21  starting in or about 2013; second, that you, the defendant,

22  knowingly and wilfully became a member of the conspiracy;

23  third, that one of the members of the conspiracy knowingly

24  committed at least one overt act charged in the indictment, or

25  in the information, or a substantially similar overt act; and

Hbd1doe

```
1    finally, that the overt act which the jury found to have been

2    committed was committed to further some objective of the

3    conspiracy?  Do you understand the government would be required

4    to prove all of those elements beyond a reasonable doubt at

5    trial?

6              THE DEFENDANT:  Yes, I do.

7              THE COURT:  Do you understand that the maximum penalty

8    for the crime charged in Count One is a maximum sentence of

9    five years in prison, a maximum term of three years' supervised

10   release, a maximum fine of the greatest of $250,000 or twice

11   the gross pecuniary gain derived from the offense, or twice the

12   gross pecuniary loss to persons other than yourself as a result

13   of the offense, and a mandatory $100 special assessment?  Do

14   you understand that's the maximum penalty for the crime charged

15   in Count One?

16             THE DEFENDANT:  Yes, I do.

17             THE COURT:  Count Two charges securities fraud.  First

18   of all, it repeats the allegations contained in paragraphs 1

19   through 7 and 11 of the information, and then it charges that

20   from at least in or about 2014 through in or about 2016, in the

21   Southern District of New York and elsewhere, Ashish Dole, the

22   defendant, wilfully and knowingly, directly and indirectly, by

23   use of the means and instrumentalities of interstate commerce,

24   and of the mails, and the facilities of national securities

25   exchanges, used and employed, in connection with the purchase
```

Hbd1doe

1   and sale of securities, manipulative and deceptive devices and

2   contrivances, in violation of Title 17 Code of Federal

3   Regulations Section 240.10b-5, by: (a) employing devices,

4   schemes, and artifices to defraud; (b) making and causing to be

5   made untrue statements of material fact, and omitting to state

6   material facts necessary in order to make the statements made,

7   in light of the circumstances under which they were made, not

8   misleading; and (c) engaging in acts, practices, and courses of

9   business which operated and would operate as a fraud and deceit

10  upon persons, to wit, Dole caused false and misleading

11  representations and omissions to be made to current and

12  prospective investors regarding NAV, which is net asset value,

13  for the hedge fund and the new issue hedge funds, including by

14  soliciting and applying artificially inflated marks on

15  securities held by the hedge fund and the new issue hedge

16  funds, in violation of Title 15 United States Code Sections

17  78j(b) and 78ff, 17 Code of Federal Regulations

18  Section 240.10b-5, and Title 18 United States Code Section 2.

19  Do you understand that's what you are charged with in Count

20  Two --

21              THE DEFENDANT:  Yes, your Honor.

22              THE COURT:  -- of the information?

23              THE DEFENDANT:  Yes, your Honor.

24              THE COURT:  Okay.  Do you understand that if you did

25  not plead guilty, the government would be required to prove

Hbd1doe

| | |
|---|---|
| 1 | beyond a reasonable doubt at trial: first, that in connection |
| 2 | with the purchase or sale of securities, you, the defendant, |
| 3 | did any one or more of the following: (1) employed a device, |
| 4 | scheme, or artifice to defraud; or (2) made an untrue statement |
| 5 | of a material fact or omitted to state a material fact which |
| 6 | made what was said under the circumstances misleading; and (3) |
| 7 | engaged in an act, practice, or course of business that |
| 8 | operated or would operate as a fraud or deceit upon a purchaser |
| 9 | or seller; second, that you, the defendant, acted wilfully, |
| 10 | knowingly, and with the intent to defraud; and third, that you, |
| 11 | the defendant, knowingly used or caused to be used any means or |
| 12 | instruments of transportation or communication in interstate |
| 13 | commerce, or use of the mails, in furtherance of the fraudulent |
| 14 | conduct?  Do you understand that the government would be |
| 15 | required to prove all of that beyond a reasonable doubt at |
| 16 | trial? |
| 17 | THE DEFENDANT:  Yes, your Honor. |
| 18 | THE COURT:  I'm just pausing because is it sufficient |
| 19 | if the facilities of a national securities exchange are used |
| 20 | rather than simply means and instrumentalities of interstate |
| 21 | commerce or of the mails? |
| 22 | MR. COWLEY:  I think it can be either or under the |
| 23 | statute, but for purposes of, you know, what the government |
| 24 | would prove at trial, your Honor, was that the use of |
| 25 | communications in interstate commerce were utilized to satisfy |

Hbd1doe

1    that element of securities fraud.

2              THE COURT:  I also mentioned the instrumentalities of

3    transportation.  That could be relied on, but it's not being

4    relied on in this case.

5              MR. COWLEY:  That's also correct, your Honor.

6              THE COURT:  So I went over what the government would

7    be required to prove beyond a reasonable doubt at trial.  And

8    the government says in this case it would be relying on the

9    means and instrumentalities of interstate commerce.  Do you

10   understand that?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  Okay.  Do you understand that the maximum

13   penalty for the crime charged in Count Two is a maximum

14   sentence of 20 years in prison, a maximum term of three years

15   of supervised release, a maximum fine of the greatest of

16   $5 million or twice the gross pecuniary gain derived from the

17   offense or twice the gross pecuniary loss to a person or

18   persons other than yourself as a result of the offense, and a

19   $100 mandatory special assessment?  Do you understand that's

20   the maximum penalty for the crime charged in Count Two of the

21   information?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  Do you also understand that when I talk

24   about supervised release, supervised release means that you

25   will be subject to monitoring when you are released from prison

Hbd1doe

1    and that the monitoring is to be under terms and conditions

2    which could lead to reimprisonment without a jury trial if you

3    violate them?

4          THE DEFENDANT:  Yes, I do.  Yes, I do.

5          THE COURT:  Do you understand that if you violated the

6    terms of supervised release and were sentenced to prison, you

7    could be sentenced to prison for the entire term of supervised

8    release without any credit for any time you had already spent

9    on supervised release?

10         THE DEFENDANT:  Yes, I do.

11         THE COURT:  Do you also understand that as part of

12   your sentence, I can also order restitution to any person

13   injured as a result of your criminal conduct?

14         THE DEFENDANT:  Yes, your Honor.

15         THE COURT:  The information also includes a forfeiture

16   allegation in which the government seeks to have you forfeit to

17   the government any property, real or personal, which

18   constitutes or is derived from proceeds traceable to the

19   commission of the offenses charged in Counts One and Two of the

20   information, including but not limited to a sum of money in

21   United States currency representing the amount of proceeds

22   traceable to the commission of those offenses, and if any of

23   that forfeitable property cannot be located or has been

24   transferred or sold or placed beyond the jurisdiction of the

25   Court or substantially diminished in value or commingled with

Hbd1doe

| | |
|---|---|
| 1 | other property, then it's the intent of the government to have |
| 2 | you forfeit any other property that you own, up to the value of |
| 3 | the forfeitable property?  Do you understand that? |
| 4 | THE DEFENDANT:  Yes, your Honor. |
| 5 | THE COURT:  So do you understand that as part of your |
| 6 | sentence, I can also order forfeiture? |
| 7 | THE DEFENDANT:  Yes, I do. |
| 8 | THE COURT:  Now, Mr. Dole, you're pleading to two |
| 9 | separate counts in the information.  You'll be separately |
| 10 | sentenced on each of those counts, and I can order that the |
| 11 | sentences on those counts be served concurrently, that is, at |
| 12 | the same time, or consecutively, that is, one right after the |
| 13 | other.  So you're facing a sentence of imprisonment of 25 |
| 14 | years, 5 years on Count One plus 20 years on Count Two.  Do you |
| 15 | understand that? |
| 16 | THE DEFENDANT:  Yes, your Honor. |
| 17 | THE COURT:  Do you also understand that I can also |
| 18 | order that the fines be added together and that I must order |
| 19 | the special assessment be added together, so you're facing a |
| 20 | special assessment of $200? |
| 21 | THE DEFENDANT:  Yes, your Honor. |
| 22 | THE COURT:  Do you also understand that if I accept |
| 23 | your guilty plea and adjudge you guilty, that adjudication may |
| 24 | deprive of you valuable civil rights, such as the right to |
| 25 | vote, the right to hold public office, the right to serve on a |

Hbd1doe

1    jury, and the right to possess any kind of firearm?

2              THE DEFENDANT:  I understand.

3              THE COURT:  Now, Mr. Dole, under current law there are

4    Sentencing Guidelines that judges must consult in determining

5    your sentence.  You've spoken to your lawyer about the

6    Sentencing Guidelines, haven't you?

7              THE DEFENDANT:  Yes, I have.

8              THE COURT:  Do you understand that I as the sentencing

9    court will not be able to determine your guidelines sentencing

10   range until after the probation department has completed the

11   presentence report, after you and your lawyer and the

12   government have had an opportunity to challenge anything

13   contained in the report, and to bring those challenges to my

14   attention?  Do you understand that?

15             THE DEFENDANT:  Yes, I do.

16             THE COURT:  Do you also understand that even after

17   it's determined what the basic guidelines sentencing range is

18   in your case, I have the authority in some circumstances to

19   depart upward or downward from the sentence that is otherwise

20   called for by the guidelines?  Do you understand?

21             THE DEFENDANT:  Yes, I do.

22             THE COURT:  And even after I've made that

23   determination, I must consult other statutory factors to arrive

24   at a final conclusion as to what the appropriate and reasonable

25   sentence is in your case.  Do you understand that?

Hbd1doe

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Do you also understand that if you are

3    sentenced to prison, parole has been abolished and you will not

4    be released any earlier on parole?

5          THE DEFENDANT:  Yes, I do.

6          THE COURT:  Do you understand that if your lawyer or

7    anyone else has attempted to estimate or predict what your

8    sentence will be, that their estimate or prediction could be

9    wrong?

10          THE DEFENDANT:  Yes, I do.

11          THE COURT:  No one, Mr. Dole -- not your lawyer, not

12    the government, no one -- can nor should give you any assurance

13    of what your sentence will be, since that sentence can only be

14    determined after the probation department has completed the

15    presentence report, after I have ruled on any challenges to the

16    report, and after I have determined what the appropriate and

17    reasonable sentence is in your case.  Do you understand that?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  And do you also understand that even if

20    your sentence is different from what your lawyer or anyone else

21    told you that it might be or if it's different from what you

22    expect it to be, you will still be bound by your guilty plea

23    and you will not be allowed to withdraw your plea of guilty?

24    Do you understand that?

25          THE DEFENDANT:  Yes, I do.  Yes, I do.

Hbd1doe

1            THE COURT:  I'm sorry?

2            THE DEFENDANT:  Yes, I do.

3            THE COURT:  Now, Mr. Dole, I've been given the plea

4    agreement which you heard me discuss with your lawyer at the

5    outset, the November 2, 2017 letter from the government to your

6    lawyer.  I've marked it as Court Exhibit 1.  It appears to be

7    signed by representatives of the government and then by you and

8    Mr. Kehoe on November 10th.  Have you signed this plea

9    agreement?

10            THE DEFENDANT:  Yes, I have.

11            THE COURT:  And did you read this agreement, Court

12    Exhibit 1, before you signed it?

13            THE DEFENDANT:  Yes, I did.

14            THE COURT:  Did you discuss it with your lawyer before

15    you signed it?

16            THE DEFENDANT:  Yes, I did.

17            THE COURT:  Did you fully understand the agreement

18    before you signed it?

19            THE DEFENDANT:  Yes, I did.

20            THE COURT:  Does this letter agreement constitute your

21    complete and total understanding of the entire agreement

22    between the government, your lawyer, and you?

23            THE DEFENDANT:  Yes, it does.

24            THE COURT:  Is everything that you understand about

25    your plea and your sentence contained in this plea agreement?

Hbd1doe

1          THE DEFENDANT:  Yes, it is.

2          THE COURT:  Has anything been left out?

3          THE DEFENDANT:  No.

4          THE COURT:  You can talk to your lawyer.

5          THE DEFENDANT:  No.

6          THE COURT:  Has anything been left out?

7          THE DEFENDANT:  No.

8          THE COURT:  Has anyone offered you any inducements or

9     threatened you or forced you to plead guilty or to enter into

10    this plea agreement?

11         THE DEFENDANT:  No, they have not.

12         THE COURT:  There is a provision of the plea agreement

13    that provides that under certain circumstances the government

14    will file a motion pursuant to Section 5K1.1 of the Sentencing

15    Guidelines.  Now do you understand that even if the government

16    files such a motion, the Court is not under any obligation to

17    grant such a motion?

18         THE DEFENDANT:  Yes, I do.

19         THE COURT:  Do you understand that the Court is not

20    bound by the plea agreement or by any of the provisions in the

21    plea agreement?  The Court must make an independent

22    determination of the appropriate sentence in your case, and

23    even if anything in that sentence differs from anything that's

24    contained in the plea agreement, you will still be bound by

25    your guilty plea and you will not be allowed to withdraw your

Hbd1doe

1  plea of guilty?  Do you understand that?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  Mr. Kehoe, do you know of any valid

4  defense that would prevail at the trial of Mr. Dole?

5          MR. KEHOE:  No, your Honor.

6          THE COURT:  Do you know of any reason why Mr. Dole

7  should not be permitted to enter a plea of guilty?

8          MR. KEHOE:  No, your Honor.

9          THE COURT:  Mr. Dole, please tell me what you did in

10  connection with the two charges to which you are entering a

11  plea of guilty.

12          THE DEFENDANT:  On orders of my superiors --

13          THE COURT:  Whoa.  Go a little slower and a little

14  louder.

15          THE DEFENDANT:  On the orders of my superiors, I

16  helped solicit false marks for bonds in the respective books

17  even though I was not trading these bonds.  I obtained these

18  marks knowing that they were false and that they would be used

19  to calculate the net asset value.

20          THE COURT:  You said that you were under orders of

21  your superiors.  Did you agree with your superiors to do what

22  you did?

23          THE DEFENDANT:  Yes.

24          THE COURT:  The information charges that this unlawful

25  agreement began in or about 2013.  Is that correct?

Hbd1doe

1              You can talk to your lawyer.

2              (Defendant conferring with his counsel)

3              THE DEFENDANT:  Your Honor, they were doing it since

4      2013, but my involvement really was later in 2014, maybe 2015.

5              THE COURT:  All right.  You joined the unlawful

6      agreement in about 2014.

7              THE DEFENDANT:  Yes.

8              THE COURT:  Okay.  The false marks on the bonds, they

9      were being used to sell the bonds?

10              THE DEFENDANT:  They were being used to calculate

11      performance.

12              THE COURT:  So --

13              THE DEFENDANT:  Funds returns.

14              THE COURT:  I'm sorry?

15              THE DEFENDANT:  Funds returns.  So the returns on the

16      hedge funds.

17              THE COURT:  The false marks were used to calculate the

18      net asset value of the hedge funds?

19              THE DEFENDANT:  That's right.

20              THE COURT:  And was that in turn something that was

21      communicated through the mails?

22              THE DEFENDANT:  To our investors, yes.

23              THE COURT:  I'm sorry?

24              THE DEFENDANT:  Yes, to our investors.

25              THE COURT:  All right.

Hbd1doe

1          MR. KEHOE:  Just one thing, Judge.  I believe that the

2     government charged the use of interstate communications, and I

3     believe most of that information was communicated through the

4     wires and not necessarily the mails.

5          THE COURT:  Is that right, Mr. Dole?

6          THE DEFENDANT:  I would -- I would believe so.  I was

7     never actually part of that.

8          THE COURT:  Okay.  Would the government's evidence

9     show that the false statements were communicated over the

10    wires?

11         MR. COWLEY:  Yes, your Honor.  The government would be

12    able to prove at trial that communications to investors in the

13    fund and potential investors, including representations about

14    the fund's performance, were passed through interstate

15    communications involving email.

16         THE COURT:  Interstate communications involving?

17         MR. COWLEY:  Email, your Honor.

18         THE COURT:  Okay.  Are you prepared to accept that,

19    Mr. Dole?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  Okay.  Where did you do the acts that

22    you've described to me?

23         Where?  Were you in New York?

24         THE DEFENDANT:  In New York City.

25         THE COURT:  In Manhattan.

Hbd1doe

1          THE DEFENDANT:  Yes.

2          THE COURT:  The information says that on or about

3    March 6, 2015, in New York, New York, you sent a text to a

4    supervisor at the firm indicating that a particular corrupt

5    broker "can of course mark bonds anywhere."  Did you do that?

6          THE DEFENDANT:  Yes, I did.

7          THE COURT:  And was that in furtherance of the

8    agreement that you've described to me?

9          THE DEFENDANT:  Yes, it was.

10          THE COURT:  When you did the acts that you've

11   described to me, did you know that what you were doing was

12   wrong and illegal?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Does the government want me to ask any

15   other questions of the defendant?

16          MR. COWLEY:  No, your Honor.  The government is

17   satisfied with that allocution, coupled with the factual

18   proffer the government previously provided.

19          THE COURT:  Okay.  Now tell me what the government's

20   evidence would be at trial.

21          MR. COWLEY:  If this matter proceeded to trial, your

22   Honor, the evidence would consist of testimony from one of the

23   brokers that was utilized to carry out the scheme, internal

24   email communications among members of the scheme, text message

25   communications among members of the scheme, and investor

Hbd1doe

1   witnesses regarding representations they received from the fund

2   with respect to its purported performance.

3           THE COURT:  And would the government's proof establish

4   the defendant's guilt of each of the charges beyond a

5   reasonable doubt?

6           MR. COWLEY:  Yes, it would, your Honor.

7           THE COURT:  All right.  Mr. Dole, how do you plead to

8   the charge against you in Count One of the information, guilty

9   or not guilty?

10          THE DEFENDANT:  Guilty.

11          THE COURT:  Mr. Dole, how do you plead to the charge

12  against you in Count Two of the information, guilty or not

13  guilty?

14          THE DEFENDANT:  Guilty.

15          THE COURT:  Are you pleading guilty because you are in

16  fact guilty?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Are you pleading guilty voluntarily and of

19  your own free will?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  Before I finally accept the defendant's

22  plea, Mr. Kehoe, do you want me to ask any other questions of

23  the defendant?

24          MR. KEHOE:  No, your Honor.

25          THE COURT:  Do you know of any reason that I should

Hbd1doe

1    not accept his plea?

2            MR. KEHOE:  I do not, your Honor.

3            THE COURT:  Does the government want me to ask any

4    other questions of the defendant?

5            MR. COWLEY:  No, your Honor.

6            THE COURT:  Does the government know of any reason

7    that I should not accept his plea?

8            MR. COWLEY:  It does not.

9            THE COURT:  All right.  Mr. Dole, because you

10   acknowledge that you are guilty as charged in Counts One and

11   Two of the information, because I find that you know your

12   rights and are waiving them knowingly and voluntarily, because

13   I find that your plea is entered knowingly and voluntarily and

14   is supported by an independent basis in fact, containing each

15   of the essential elements of the offenses, I accept your guilty

16   plea and I adjudge you guilty of the offenses to which you are

17   pleading.

18           All right.  You all can sit down.

19           Now, Mr. Dole, the probation department will now

20   prepare a presentence report to assist me in sentencing you.

21   You will be interviewed by the probation department.  It's very

22   important that the information you provide to the probation

23   department be truthful and accurate.  The presentence report is

24   very important to me in my decision as to what your sentence

25   will be.  You and your lawyer will have the opportunity to

Hbd1doe

1    review the presentence report, to challenge anything contained

2    in the report, and then to speak on your behalf at sentencing.

3              Give me an estimate as to what a reasonable date for

4    sentence is.  Six months, nine months?

5              MR. COWLEY:  Your Honor, I think a control date of

6    nine months out --

7              THE COURT:  I really react very badly to the notion of

8    a control date.  So give me a date that you think is

9    reasonable, and if you have to adjourn it, that's fine.  But

10   I'd really like your best --

11             MR. COWLEY:  Would your Honor be comfortable with a

12   date of 24 months from today, approximately?

13             THE COURT:  Wow.  If that you think is the reasonable

14   time, all right.

15             MR. COWLEY:  Thank you, your Honor.

16             THE COURT:  So we're looking at November of 2019.

17             THE DEPUTY CLERK:  November 15, 2019, at 10 a.m.

18             THE COURT:  November 15, 2019, 10 a.m.  Is that okay

19   with both sides?

20             MR. KEHOE:  Yes, your Honor.

21             MR. COWLEY:  Yes, your Honor.

22             THE COURT:  I'd ask for the defendant's submission

23   fourteen days before sentence and the government's submission

24   eight days before sentence.  All right?

25             MR. KEHOE:  Yes.

Hbd1doe

1              MR. COWLEY:  Yes, your Honor.

2              THE COURT:  No later than eight days before sentence.

3    I say that because I want to have the submissions sufficiently

4    in advance of sentence to prepare it and think about it, and I

5    find the government lately abiding by those deadlines in a

6    minority of cases, so please, if I don't get the submissions in

7    time, then I have to put over the sentence, and it's not fair

8    to the defendant.

9              MR. COWLEY:  Understood, your Honor.

10             THE COURT:  All right.  Now the release conditions for

11   the defendant.  I have the pretrial services report.  What are

12   the parties' suggestions with respect to release?

13             MR. COWLEY:  Your Honor, the parties have conferred

14   and we propose the following proposal, on consent:

15             A $250,000 personal recognizance bond to be secured by

16   the signature of one financially responsible person, with that

17   signature obtained by November 20th; a surrendering of

18   Mr. Dole's passport by December 6, 2017; travel --

19             THE COURT:  By what date?

20             MR. COWLEY:  December 6, your Honor.

21             THE COURT:  Okay.

22             MR. COWLEY:  Travel restricted to --

23             THE COURT:  And no applications for additional travel

24   documents, right?

25             MR. COWLEY:  That is correct, your Honor.

Hbd1doe

1          Travel restricted to the Southern District of New

2     York, the Eastern District of New York, the District of

3     Connecticut, and the District of New Jersey; and then standard

4     supervision from pretrial.

5          And your Honor, we'll put this in a letter to you, but

6     just to flag for you, the defendant has a prior planned trip

7     overseas to visit relatives that will conclude -- he'll be back

8     by the 6th, and the government consents to that, but we can put

9     that in a letter application, your Honor, but I do want to flag

10    it.  So he'll be back in the country by the 6th.

11         THE COURT:  We can do that without a letter.  I mean,

12    it's on the record.

13         MR. COWLEY:  That would be great, your Honor.

14         THE COURT:  So we'll put it in.  And those conditions

15    are reasonable to assure the continuing presence of the

16    defendant and safety of the community, so I'll put those into a

17    bail order.

18         MR. KEHOE:  Excuse me, your Honor.  Just one thing, to

19    be clear.  The travel restriction to the Southern District and

20    Eastern District of New York, and the District of Connecticut

21    and New Jersey, with the one exception, this travel overseas

22    starting on the 22nd and back on December 2nd.

23         THE COURT:  Right.  We'll put all of the conditions in

24    the order and specifically include the fact that the defendant

25    can make a previously scheduled trip.  Where is the trip to?

Hbd1doe

1          MR. KEHOE:  India, your Honor.

2          THE COURT:  Previously scheduled trip to India.

3     Returning when?

4          MR. KEHOE:  2nd of December.

5          THE COURT:  Returning December 2.  Okay.

6          MR. KEHOE:  I think the departure date is

7     November 22nd, the Wednesday before Thanksgiving.

8          THE COURT:  Okay.  Previously scheduled trip from

9     November 22 to December 2, to India.

10          MR. KEHOE:  And we will get the passport when he

11     returns.  I'll take possession of the passport and turn that

12     in.

13          THE COURT:  Okay.  I have a proposed order for sealing

14     of the documents in the case and for the changing of the

15     caption in the case to United States v. Doe, supported by a

16     declaration from Mr. Naftalis.  The copy that I have is not the

17     original signed copy.

18          MR. COWLEY:  My apologies for that, your Honor.

19     Mr. Naftalis is in court right now, but we can submit to

20     chambers a copy with his personal signature on it.

21          THE COURT:  Okay.  That will be good.  Well, based on

22     the representations in the affirmation, I'll sign the sealing

23     order.  There's a compelling reason to seal the proceedings,

24     which can't be solved by less restrictive means.  The sealing

25     is plainly temporary until such time as the cooperation becomes

Hbd1doe

```
 1   known, which it will at some point, and the government
 2   undertakes to advise the Court when that is true.  Both sides
 3   have the right to obtain the transcript of any sealed
 4   proceedings, including today's proceedings.
 5            So I've signed the sealing order.  And if you would
 6   provide us with a signed copy.  Was there no signed copy yet?
 7   How did his signature get on there with an S?
 8            MR. COWLEY:  Candidly, your Honor, I don't know.  I'd
 9   have to confer with Mr. Naftalis before I'd be able to answer
10   that question.
11            THE COURT:  Okay.  I assumed he must have authorized
12   his signature being attached.
13            MR. COWLEY:  I know that he prepared that document,
14   your Honor.
15            THE COURT:  Okay.
16            MR. COWLEY:  I know that.  I can represent that to the
17   Court.  And like I said, we'd be happy to get you an inked copy
18   as soon as possible.
19            MR. KEHOE:  I have not seen the document, but he
20   advised me that he had.  I haven't seen the document that's
21   before you on the sealing.
22            THE COURT:  Oh, my goodness.  Well, you should.  So
23   we'll pass down the order and the supporting affirmation just
24   so that you've seen it.
25            MR. KEHOE:  Thank you.
```

Hbd1doe

1              THE COURT:  And let me know when you've reviewed it.

2              MR. KEHOE:  Yes, your Honor.

3              (Pause)

4              MR. KEHOE:  Thank you, your Honor.  No objection.

5              THE COURT:  Okay.  Could you pass them back up.

6         Okay.  Mr. Dole, do you understand that if you fail to
7    return to my courtroom on the date fixed for sentence or any
8    adjourned date, you will be guilty of a criminal act for which
9    you could be sentenced to prison wholly separate from, apart
10   from, and in addition to, any other sentence that you might
11   receive for the crimes to which you just entered a plea of
12   guilty?

13             THE DEFENDANT:  Yes, I do.

14             THE COURT:  Do you also understand that I've now fixed
15   all of the conditions for your release and the violation of any
16   of those conditions can have serious consequences for you?

17             THE DEFENDANT:  Yes, I do.

18             THE COURT:  All right.  Then I will see all of you on
19   the date fixed for sentence or any adjourned date.

20        Mr. Fletcher is preparing the order now for bail.  I
21   think you have to go down to the magistrate clerk's office
22   to --

23             THE DEPUTY CLERK:  I'll bring them down.

24             THE COURT:  Okay.  Have a seat.

25             While I'm waiting, I'll return Court Exhibit 1 to the

Hbd1doe

1   government.

2           MR. COWLEY:  Thank you, your Honor.

3           THE COURT:  Okay.  I've signed the bail order, and you

4   can talk to Mr. Fletcher about going downstairs to sign the

5   bond.  Okay.

6           MR. COWLEY:  Thank you, your Honor.

7           MR. KEHOE:  Thank you, Judge.

8           THE COURT:  Thank you, all.

9                            o0o

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25